## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AFFORDABLE RECOVERY HOUSING<br>An Illinois not-for-profit corporation, | )<br>)<br>) | |
| | ) | Case No. 12-cv-04241 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert M. Dow Jr. |
| | ) | |
| THE CITY OF BLUE ISLAND, a municipal | ) | |
| corporation, and TERRY VRSHEK in his | ) | |
| official capacity as Blue Island Fire Chief | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Affordable Recovery Housing by its attorneys Mauck & Baker, LLC, pursuant to Rule

56(a) of the Federal Rules of Civil Procedure, respectfully moves for partial summary judgment

against Defendants Blue Island and Terry Vrshek on Counts I, II and IV of the Second Amended

Complaint on the issue of whether Plaintiff is required to install fire sprinkler systems in the

buildings used or to be used for housing residents in recovery. Plaintiff contends that because it

obtained a state license for Recovery Homes and that the state has set forth a comprehensive

scheme to regulate Recovery Homes, which includes certain requirements under the 2000 Life

Safety Code, that Illinois state requirements, not Blue Island municipal code, applies to Plaintiff.

1.      On May 31, 2012, Plaintiff Affordable Recovery Housing ("ARH") filed a

complaint against Defendants City of Blue Island and Terry Vrshek, in his official capacity as

Blue Island Fire Chief. At the same time, Plaintiff also filed a motion for TRO and Preliminary

Injunction to prevent Defendants from requiring Plaintiff to vacate its residents in recovery from

the premises at 13811 S. Western Avenue in Blue Island.

2.     Before the Court on June 1, 2012, the parties came to an agreement to allow Plaintiff's residents to remain while the parties attempted to work out the issues between them and/or while the Motion for Preliminary injunction was briefed and argued. As such, Plaintiff's Motion for TRO was dismissed without prejudice and Plaintiff's Motion for Preliminary Injunction was entered and continued.

3.     On June 19, 2012, Plaintiff amended its complaint and amended its Motion for Preliminary Injunction by filing two separate motions: (1) A Motion for Preliminary Injunction related to the Life Safety Code regarding whether a fire sprinkler system was required and (2) A Motion for Preliminary Injunction regarding whether Plaintiff was required to obtain a Special Use Permit from Blue Island under the Zoning Code.

4.     The questions presented before the Court in Plaintiff's Motion for Preliminary Injunction regarding the Life Safety Code ("LSC") was whether the 2012 Life Safety Code, as adopted by Blue Island, required Plaintiff to install an automatic fire sprinkler system in Buildings C and D, which were to house the residents in recovery; and whether Defendant Fire Chief Terry Vrshek had authority to vacate the residents from the premises.

5.     The parties briefed and the Court heard testimony and argument on both of Plaintiff's motions for preliminary injunction and the Court denied both motions in its Memorandum and Order dated July 13, 2012.

6.     As a result, Plaintiff was forced to move all the men in recovery out of the Mother of Sorrows premises. Only the ARH staff has resided on the premises since.

7.     Plaintiff filed a motion to reconsider on August 10, 2012 and the Court denied that Motion on January 25, 2013.

8.     On October 15, 2013 Plaintiff filed its Second Amended Complaint. **Exhibit A.**

9.      As Plaintiff alleges in the Second Amended Complaint, ARH's circumstances have changed as it has obtained a State of Illinois license to operate a Recovery Home on the Mother of Sorrows premises. Compl. ¶¶ 20-21. Specifically, on September 11, 2013, ARH obtained a license to operate a Recovery Home from the Illinois Department of Human Services/Division of Alcoholism and Substance Abuse. SOF 32.

10.      Ill. Admin. Code title 77, §2060.509 states:

In order to be called a Recovery Home, the home shall:
. . . (e) comply with all applicable zoning and local building ordinances…and with the provisions specified in Chapter 29 (Existing Hotels and Dormitories) of the National Fire Protection Association's (NFPA) Life Safety Code of 2000 (*no later amendments or editions included*) for any building housing 17 or more residents . . . .

(emphasis added). SOF 33. **Exhibit C.**

11.      "As applied to state action versus local action, preemption means that where the legislature has adopted a scheme for regulation of a given subject, local legislative control over such phases of the subject as are covered by state regulation ceases." *Pesticide Public Policy Foundation v. Wauconda*, 622 F. Supp. 423, 428 (N.D. Ill. 1985) (quoting *Hutchcraft Van Service, Inc. v. City of Urbana Human Relations Commission*, 104 Ill. App. 3d 817, 823 (4th Dist. 1982).

12.      With regard to a non-home rule unit like Blue Island, Illinois, (SOF 3), preemption is implied when the state enacts a comprehensive regulatory scheme over a subject, i.e., it need not be made explicit in the legislation. *Hutchcraft*, 104 Ill. App. 3d at 823.

13.      The State has enacted a comprehensive regulatory scheme with respect to Recovery Homes, and Blue Island is not authorized to enact more restrictive regulations in the absence of specific authority to do so. *Dolson Outdoor Advertising Co. v. City of Macomb*, 46 Ill. App.3d 116, 121 (1977).

3

14.     Even though Blue Island has adopted the 2012 NPFA Life Safety Code, it can no longer enforce the 2012 LSC against ARH, because the State has adopted a comprehensive regulatory scheme for Recovery Homes, which includes the 2000 LSC.

15.     Under Illinois law, Recovery Homes with more than 17 residents are to abide by Chapter 29 of the 2000 LSC, "Existing Hotels and Dormitories." 2000 NFPA Life Safety Code, **Exhibit E**.

16.     Section 29.3.5.1, which applies to existing buildings, does not provide a requirement that existing facilities have sprinkler systems unless they are high-rise buildings.

17.     Section 3.3.25.6 defines a "high-rise building" as "A building greater than 75 feet in height where the building height is measured from the lowest level of fire department access to the floor of the highest occupiable story."

18.     Building C is a three story building and Building D is a two story building. Both Buildings C and D are less than 75 feet high. SOF 29. Therefore, Buildings C and D are not high-rise buildings, and sprinkler systems are not required under the 2000 LSC.

19.     Accordingly, because Plaintiff is licensed as a Recovery Home by the State of Illinois, (SOF 32), and because State law requires that buildings used as a Recovery Home housing more than 17 residents requires the licensee to follow the Chapter 29 (Existing Hotels and Dormitories) of the 2000 LSC, Illinois' regulation preempts Blue Island's requirements in the 2012 LSC. Because Chapter 29 of the 2000 LSC does not require Plaintiff to install sprinklers in its building, the Court should grant partial summary judgment to Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter partial summary judgment as to the issue of whether sprinklers are required, on Counts I, II and IV of the Second Amended Complaint, and specifically requests that the Court:

A. Enter a declaratory judgment as a matter of law that a sprinkler system is not required for ARH's Buildings C and D under Chapter 29 of the 2000 NFPA Life Safety Code, even if ARH's use is considered a change in use;

B. Enter a declaratory judgment as a matter of law finding that the Illinois Administrative Code title 77, §2060.509 preempts Blue Island's application of the 2012 Life Safety Code to Recovery Homes, including Plaintiff's Recovery Home;

C. Enter a declaratory judgment as a matter of law that the requirement to install a sprinkler system infringes on ARH's hybrid rights to free exercise and freedom of association under the First Amendment;

D. Enter a declaratory judgment as a matter of law that the requirement to install a sprinkler system, which has prevented the housing of men in recovery at the Mother of Sorrows location, substantially burdens ARH's rights under the Illinois Religious Freedom Restoration Act;

E. Enter a declaratory judgment as a matter of law that the City of Blue Island has no compelling government interest for requiring ARH to install a sprinkler system;

F. Enter a permanent injunction enjoining the City of Blue Island from enforcing the 2012 LSC against Plaintiff; from assessing fines for continuing to use the property and for operating the recovery home at its property; and from initiating prosecutions against ARH for the use of the property, because ARH has not installed a sprinkler system;

5

G.  Enter judgment on behalf of ARH and against the City of Blue Island for all damages to which they are entitled, specifically including, but not limited to: (1) for ARH economic losses caused by the delay, uncertainly and expense experienced by ARH, and (2) for its lost enjoyment of its constitutional rights;

H.  Award, on an interim basis, attorney fees, expenses and costs to ARH pursuant to 42 U.S.C. § 1988(b); and

I.  Grant other just relief.

Dated: February 21, 2014

Respectfully Submitted,

**AFFORDABLE RECOVERY HOUSING**

/s/ Andy R. Norman

John W. Mauck
Andy R. Norman
Jeffrey M. Schwab
Mauck & Baker, LLC
1 North LaSalle Street, Suite 600
Chicago, IL 60602
(312) 726-1243

F:\Clients\3065\Motions\Draft Motions and Notices\20140224_MOT_SummJudgment.docx